

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/15/2023__

**Tony Pezzano**
**929.476.0045 (Direct Dial)**
**631.255.3035 (Mobile)**
**212.545.1656 (Facsimile)**
**Tony.Pezzano@offitkurman.com**

March 14, 2023

*Via ECF*

Honorable Analisa Torres
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Wee Care Nanny Agency, LLC v. WeeCare, Inc.
              Civil Action No. 1:23-cv-02117-AT

Dear Judge Torres:

    We represent Plaintiff Wee Care Nanny Agency, LLC ("Plaintiff"), in the above-referenced matter, and write to respectfully request leave to file a declaration under seal containing confidential information in redacted form, pursuant to Section IV(A)(ii) of Your Honor's Individual Practice Rules and Section 6 of the Electronic Case Filing Rules and Instructions for this District.

    The contemplated declaration is offered in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and Motion for Preliminary Injunction contemporaneously filed herewith. The declaration discloses confidential information containing sensitive financial information associated with Plaintiff's business that is confidential and proprietary business information, the public release of which would be detrimental to Plaintiff's business or exploited by Plaintiff's competitors. The proposed redaction is narrowly tailored to exclude only a few financial dollar figures, leaving unsealed the substantive portions of the declaration that Plaintiff relies upon in support of its *Ex Parte* Motion for Entry of Temporary Restraining Order and Motion for Preliminary Injunction contemporaneously filed herewith. Specifically, the proposed redacted financial dollar figures pertain to Plaintiff's marketing costs and monthly revenues.

    The specific sensitive financial information in this declaration is arguably confidential as that term is defined in New York Rule of Professional Conduct 1.6(a). The information is "likely to be embarrassing or detrimental to the client if exposed," *id*., so we have an ethical obligation to "make reasonable efforts to prevent the . . . unauthorized disclosure or use of, or unauthorized



access to" this information. Rule 1.6(c). Accordingly, to be able to provide the Court with a complete *Ex Parte* Motion for Entry of Temporary Restraining Order and Motion for Preliminary Injunction, we request leave to file the unredacted version of the contemplated declaration under seal. Courts in this district have accepted such requests, going so far as to consider such motions on an *in camera, ex parte* basis. *See, e.g., L.V. v. New York City Dep't of Educ.*, No. 19 Civ. 5451 (AT) (KHP), 2020 WL 6782234, at *2 (S.D.N.Y. Nov. 17, 2020); *Markowitz v. KBI Servs.*, Civil Action No. 21-mc-00397-LGS, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." (internal quotation marks omitted)).

As per Your Honor's Individual Practice Rules, this Letter Motion is filed in public view and explains the reasons for seeking to file certain information under seal. In support of this Letter Motion, Plaintiff contemporaneously files herewith a publicly redacted version of the contemplated declaration with the proposed redactions. Additionally, Plaintiff contemporaneously files herewith under seal a copy of the unredacted declaration with the redactions highlighted.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Tony V. Pezzano
OFFIT KURMAN, P.A.
By: Tony V. Pezzano

---

The Court concludes that Plaintiff has met its burden to demonstrate that the interests in redacting the affidavit and filing an unredacted version under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Accordingly, Plaintiff's motion is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated: March 15, 2023
New York, New YOrk

ANALISA TORRES
United States District Judge