

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/11/2023_

Tony V. Pezzano
929.476.0045 (Direct Dial)
631.255.3035 (Mobile)
212.545.1656 (Facsimile)
Tony.Pezzano@offitkurman.com

April 10, 2023

**Via ECF**

Honorable Analisa Torres
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

  Re: Wee Care Nanny Agency, LLC v. WeeCare, Inc.
     Civil Action No. 1:23-cv-02117-AT

Dear Judge Torres:

  I am writing on behalf of Plaintiff Wee Care Nanny Agency, LLC ("Plaintiff"), in the above-referenced matter, to respectfully request leave to file three declarations under seal containing confidential information in redacted form, pursuant to Section IV(A)(ii) of Your Honor's Individual Practice Rules and Section 6 of the Electronic Case Filing Rules and Instructions for this District.

  The contemplated declarations are offered in support of Plaintiff's Reply In Support Of Its Motion For Preliminary Injunction And Defendant's Contempt For Violation Of The Court's Orders (D.I.22 And 32) filed contemporaneously herewith. Portions of the declarations and their respective attached exhibits disclose: (1) confidential information containing sensitive financial and company information associated with Plaintiff's business that is confidential and proprietary business information, the public release of which would be detrimental to Plaintiff's business or exploited by Plaintiff's competitors; (2) personal identifying information of non-parties; and (3) information in connection with settlement negotiations which is subject to Rule 408 of the Federal Rules of Evidence. The proposed redactions are narrowly tailored to exclude only a few financial dollar figures, personal identifying information of non-parties, and confidential and proprietary business information, leaving unsealed the substantive portions of the declarations that Plaintiff relies upon in support of Plaintiff's Reply filed herewith.



Hon. Analisa Torres
April 10, 2023
Page 2 of 2

The specific sensitive financial information and business information in the declarations is arguably confidential as that term is defined in New York Rule of Professional Conduct 1.6(a). The information is "likely to be embarrassing or detrimental to the client if exposed," *id.*, so we have an ethical obligation to "make reasonable efforts to prevent the . . . unauthorized disclosure or use of, or unauthorized access to" this information. Rule 1.6(c). Additionally, the information in connection with settlement negotiations is subject to Rule 408 of the Federal Rules of Evidence. Accordingly, to be able to provide the Court with a complete Reply, we request leave to file the unredacted version of the contemplated declarations under seal. Courts in this district have accepted such requests, going so far as to consider such motions on an *in camera, ex parte* basis. *See, e.g., L.V. v. New York City Dep't of Educ.*, No. 19 Civ. 5451 (AT) (KHP), 2020 WL 6782234, at *2 (S.D.N.Y. Nov. 17, 2020); *Markowitz v. KBI Servs.*, Civil Action No. 21-mc-00397-LGS, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." (internal quotation marks omitted)).

As per Your Honor's Individual Practice Rules, this Letter Motion is filed in public view and explains the reasons for seeking to file certain information under seal. In support of this Letter Motion, Plaintiff contemporaneously files herewith a publicly redacted version of the contemplated declarations and exhibits with the proposed redactions. Additionally, Plaintiff contemporaneously files herewith under seal a copy of the unredacted declarations and exhibits with the redactions highlighted.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Tony V. Pezzano*
OFFIT KURMAN, P.A.
By: Tony V. Pezzano

GRANTED.  After reviewing Plaintiff's submissions, the Court concludes that Plaintiff has met its burden to demonstrate that the interests in redacting the publicly filed declarations outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011); *Markowitz v. KBI Servs.*, No. 21 Civ. 397, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021).

SO ORDERED.

Dated: April 11, 2023
New York, New York

ANALISA TORRES
United States District Judge