

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/16/2023_

**Tony V. Pezzano**
929.476.0045 (Direct Dial)
631.255.3035 (Mobile)
212.545.1656 (Facsimile)
Tony.Pezzano@offitkurman.com

May 15, 2023

***Via ECF***

Honorable Analisa Torres
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

    Re:    Wee Care Nanny Agency, LLC v. WeeCare, Inc.
             Civil Action No. 1:23-cv-02117-AT

Dear Judge Torres:

    I am writing on behalf of Plaintiff Wee Care Nanny Agency, LLC ("Plaintiff"), in the above-referenced matter, to respectfully request leave to file a memorandum and two declarations under seal containing confidential information in redacted form, pursuant to Section IV(A)(ii) of Your Honor's Individual Practice Rules and Section 6 of the Electronic Case Filing Rules and Instructions for this District.

    The memorandum and contemplated declarations are offered in support of Plaintiff's Motion for Sanctions filed contemporaneously herewith. Portions of the memorandum and the declarations and their respective attached exhibits disclose: (1) confidential information containing sensitive financial and company information associated with Plaintiff's business that is confidential and proprietary business information, the public release of which would be detrimental to Plaintiff's business or exploited by Plaintiff's competitors; and (2) personal identifying information of non-parties. The proposed redactions are narrowly tailored to exclude only personal identifying information of non-parties and confidential and proprietary business information, leaving unsealed the substantive portions of the memorandum and declarations that Plaintiff relies upon in support of Plaintiff's Motion for Sanctions filed herewith.

    The specific sensitive business information in the memorandum and declarations is arguably confidential as that term is defined in New York Rule of Professional Conduct 1.6(a). The information is "likely to be embarrassing or detrimental to the client if exposed," *id*., so we



have an ethical obligation to "make reasonable efforts to prevent the . . . unauthorized disclosure or use of, or unauthorized access to" this information. Rule 1.6(c). Accordingly, to be able to provide the Court with a complete Motion for Sanctions, we request leave to file the unredacted version of the memorandum and contemplated declarations under seal. Courts in this district have accepted such requests, going so far as to consider such motions on an *in camera*, *ex parte* basis. *See, e.g.*, *L.V. v. New York City Dep't of Educ.*, No. 19 Civ. 5451 (AT) (KHP), 2020 WL 6782234, at *2 (S.D.N.Y. Nov. 17, 2020); *Markowitz v. KBI Servs.*, Civil Action No. 21-mc-00397-LGS, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." (internal quotation marks omitted)).

As per Your Honor's Individual Practice Rules, this Letter Motion is filed in public view and explains the reasons for seeking to file certain information under seal. In support of this Letter Motion, Plaintiff contemporaneously files herewith a publicly redacted version of the contemplated memorandum and declarations and exhibits with the proposed redactions. Additionally, Plaintiff contemporaneously files herewith under seal a copy of the unredacted memorandum and declarations and exhibits with the redactions highlighted.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Tony V. Pezzano
OFFIT KURMAN, P.A.
By: Tony V. Pezzano

GRANTED. After reviewing Plaintiff's submissions, the Court concludes that Plaintiff has met its burden to demonstrate that the interests in redacting the publicly filed declarations and memorandum outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Markowitz v. KBI Servs.*, No. 21 Civ. 397, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021).

SO ORDERED.

Dated: May 16, 2023
New York, New York

ANALISA TORRES
United States District Judge